**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | |
|---|---|
| SEAN BURKE, HUY TRAN, NADIA ALI, and DARRYL MAULTSBY, on behalf of themselves and all others similarly situated, | Case No.: 5:22-cv-406 |
| Plaintiffs, | |
| v. | **JURY TRIAL DEMANDED** |
| TRIBUCHA, INC., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiffs Sean Burke, Huy Tran, Nadia Ali, and Darryl Maultsby (collectively, "Plaintiffs") file this Class Action Complaint on behalf of themselves and all others similarly situated against Tribucha, Inc. ("Tribucha" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## INTRODUCTION

1. Defendant has passed off its kombucha beverages (the "Products" or "Tribucha Kombucha")[1] as non-alcoholic, when, in fact, the beverages contain more than twice the alcohol

---

[1] The "Products" or "Tribucha Kombucha" refers to the following flavors of Defendant Tribucha's kombucha beverages sold nationwide, as described herein, including, but not limited to, The Main Squeeze, Brainiac, Chill Berry, Flowers of Life, and Controlled Burn. Representative labels of the Products are attached to this Complaint as Exhibit 1. The various flavors of Tribucha Kombucha beverages are substantially identical other than their flavor profile, as each flavor is

allowed for non-alcoholic beverages. These alcoholic beverages are sold to unsuspecting children, pregnant women, persons suffering with alcohol dependence issues, and a host of other people for whom alcoholic consumption may pose a grave and immediate safety and/or health risk.

2.    Plaintiffs purchased numerous bottles of Tribucha Kombucha based on Defendant's misleading and false advertising and labeling of its Products.

3.    Plaintiffs seek relief in this action on behalf of themselves and on behalf of purchasers of Tribucha Kombucha beverages, for Defendant's violations of state consumer fraud acts, breach of implied and express warranties, fraud, and unjust enrichment.

## PARTIES

4.    Plaintiff Sean Burke is a citizen of Tennessee, residing in Knoxville. Within the past two years, Mr. Burke frequently purchased Tribucha Kombucha beverages in Knoxville, Tennessee, and Holly Springs and Cary, North Carolina, with the belief and on the basis that the Products were non-alcoholic. The labels of Tribucha Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Mr. Burke did not have to show any identification of his age to purchase the Tribucha Kombucha Products, even though he was under the age of 21 during each purchase. The Tribucha Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Whole Foods locations at which he made his purchase. Mr. Burke purchased the Tribucha Kombucha beverages for his own personal consumption. However, shortly after consuming the Tribucha Kombucha beverages, Mr. Burke felt the effects of alcohol. Mr. Burke was unaware that he was experiencing

above the 0.5 percent alcohol by volume threshold. None of the flavors have the requisite government warning required for alcoholic beverages.

the effects of alcohol, however, because the Products did not bear the proper warnings and disclosures. Mr. Burke would not have purchased the Products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages, especially considering that Mr. Burke was underage, and it was illegal for him to purchase alcoholic beverages. Should Mr. Burke encounter any Tribuca Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Mr. Burke encounter any Tribucha Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the product contains only a "trace amount of alcohol." Plaintiff Burke would still be open to purchasing Tribucha in the future should Defendant reformulate the Products to ensure that they do not exceed the alcohol levels for non-alcoholic beverages. Plaintiff Burke continues to purchase brands' non-alcoholic kombucha beverages.

5.     Plaintiff Huy Tran is a citizen of Illinois, residing in Chicago. In May 2022, Plaintiff Tran purchased a Tribucha Kombucha beverage from a Whole Foods store, with the belief and on the basis that the Product was non-alcoholic. The label of the Tribucha Kombucha beverage he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Mr. Tran did not have to show any identification of his age to purchase the Tribucha Kombucha Product, even though he was under the age of 21 during each purchase. The Tribucha Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Whole Foods location at which he made his purchase. Mr. Tran purchased the Tribucha Kombucha beverage for his own personal consumption. Mr. Tran would not have purchased the Product at the time had he known that they contained significant levels of alcohol

and was considered an alcoholic beverage, especially considering that Mr. Tran was underage, and it was illegal for him to purchase an alcoholic beverage. Should Mr. Tran encounter any Tribuca Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Mr. Tran encounter any Tribucha Kombucha beverages in the future, he could not rely on the labels' tiny print buried in the corner of the labels that the product contains only a "trace amount of alcohol." Plaintiff Tran would still be open to purchasing Tribucha in the future should Defendant reformulate the Products to ensure that they do not exceed the alcohol levels for non-alcoholic beverages. Plaintiff Tran continues to purchase brands' non-alcoholic kombucha beverages.

6.     Plaintiff Nadia Ali is a citizen of Virginia, residing in Falls Church. Ms. Ali made at least three purchases of Tribucha Kombucha beverages at the Whole Foods in Falls Church with the belief and on the basis that the Products were non-alcoholic. The labels of Tribucha Kombucha beverages she purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. Ms. Ali did not have to show any identification of her age to purchase the Tribucha Kombucha Products, even though she was under the age of 21 during each purchase. The Tribucha Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the Whole Foods locations at which she made her purchase. Ms. Ali purchased the Tribucha Kombucha beverages for her own personal consumption. Ms. Ali would not have purchased the Products at the time had she known that they contained significant levels of alcohol and were considered alcoholic beverages, especially considering that Ms. Ali was underage, and it was illegal for her to purchase alcoholic beverages. Should Ms. Ali encounter

any Tribuca Kombucha beverages in the future, she could not rely on the truthfulness of the labels' statements characterizing the level of alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Ms. Ali encounter any Tribucha Kombucha beverages in the future, she could not rely on the labels' tiny print buried in the corner of the labels that the product contains only a "trace amount of alcohol." Plaintiff Ali would still be open to purchasing Tribucha in the future should Defendant reformulate the Products to ensure that they do not exceed the alcohol levels for non-alcoholic beverages. Plaintiff Ali continues to purchase brands' non-alcoholic kombucha beverages.

7. Plaintiff Darryl Maultsby is a citizen of Florida, residing in Lake Alfred. Mr. Maultsby made several purchases of Tribucha Kombucha beverages at retail stores in and around Lake Alfred, Florida with the belief and on the basis that the Products were non-alcoholic. The labels of Tribucha Kombucha beverages he purchased did not bear a government warning concerning the consumption of alcoholic beverages, nor any other clear or conspicuous warning regarding the beverages' high alcohol content. The Tribucha Kombucha beverages were displayed in a section separate from other alcoholic beverages (*e.g.* beer) at the retail locations at which he made his purchases. Mr. Maultsby purchased the Tribucha Kombucha beverages for his own personal consumption. Mr. Maultsby would not have purchased the Products at the time had he known that they contained significant levels of alcohol and were considered alcoholic beverages, especially considering that Mr. Maultsby has high blood pressure and does not drink alcohol. Should Mr. Maultsby encounter any Tribuca Kombucha beverages in the future, he could not rely on the truthfulness of the labels' statements characterizing the level of alcohol (or the absence of alcohol) in the beverages, absent corrective advertising. Further, should Mr. Maultsby encounter any Tribucha Kombucha beverages in the future, he could not rely on the labels' tiny print buried

in the corner of the labels that the product contains only a "trace amount of alcohol." Plaintiff Maultsby would still be open to purchasing Tribucha in the future should Defendant reformulate the Products to ensure that they do not exceed the alcohol levels for non-alcoholic beverages. Plaintiff Maultsby continues to purchase brands' non-alcoholic kombucha beverages.

8.     Defendant Tribucha, Inc., is a Delaware corporation located in Cary, North Carolina. Defendant is a North Carolina resident with a principal place of business located at 1006 SW Maynard Rd Dr, Cary, NC 27511. Defendant manufactures, advertises, sells, distributes, and markets Tribucha Kombucha beverages as alleged herein nationwide. All decisions regarding the manufacturing, production, and advertising of the Products, as well as all other business decisions, are done at its principal place of business in Cary, North Carolina.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and at least one member of the proposed nationwide class is a citizen of a state different from the state of Defendant. Defendant has sold hundreds of thousands, if not millions, of bottles of Tribucha Kombucha beverages.

10.    This Court has general jurisdiction over Defendant because it has its principal place of business in Cary, North Carolina and Defendant conducts substantial business within this District, such that Defendant has significant, continuous, and pervasive contacts with the State of North Carolina.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is located in this District and because the wrongful conduct giving rise to this case occurred in and/or emanated from this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     The name "kombucha" comes from the common name for what is essentially a fermented tea drink.  Kombucha, including Tribucha Kombucha, is made of tea that ferments for up to a month while a "blob" of bacteria known as "scoby" (for symbiotic colony of bacteria and yeast) floats on top.  The scoby then "eats" the sugar, acids, and caffeine in the tea, creating a cocktail of live microorganisms.  Basic chemistry explains that the scoby convers the sugar into carbon dioxide and alcohol.

13.     Tribucha launched in or around 2016, now selling in retail stores nationwide. However, Defendant's rise is built on a poorly kept industry secret—kombucha made the "real way," without pasteurization, predictably becomes highly alcoholic.  While pasteurized versions of kombucha products are non-alcoholic, as the pasteurization kills the yeast in the kombucha, raw (unpasteurized) versions of kombucha become alcoholic over time as the living yeast in the beverage converts sugars into alcohol.   Such natural conversion of sugar to alcohol in unpasteurized kombucha beverages can result in alcohol levels as high as 4 percent alcohol by volume (and even higher), roughly the same alcohol content as regular beer.  Tribucha Kombucha is no different—it contains nearly twice the limit of permitted alcohol by volume content.

14.     In 2010, major retailers throughout the country were forced to immediately stop selling kombucha beverages because it was discovered that the beverages contained alcohol levels as high as 2.5 percent by volume, roughly 5 times the legal limit for non-alcoholic beverages.  The discoveries sparked Federal Drug Administration ("FDA") and Alcohol and Tobacco Tax and Trade Bureau ("TTB") investigations concerning the alcohol content of various kombucha products.

15.     Several other manufacturers of kombucha beverages, such as Honest Tea, owned

and operated by the Coca-Cola Company, were unable to reformulate their kombucha beverages to ensure that the products never crossed the 0.5 alcohol by volume threshold at retail or consumption. "Despite reformulating its kombucha drinks in August 2010, Honest Tea found that the level of alcohol in Honest Kombucha—when left at room temperature—increased beyond 0.5 percent. Citing the difficulty in maintaining legal alcohol levels, Honest Tea discontinued the line in December 2010."[2]

16. Since that time, seeking to capitalize on the consumer craze and desire surrounding kombucha beverages, kombucha manufacturers have found many creative ways to ensure that their kombucha beverages did not cross the 0.5 percent alcohol by volume standard, such as through pasteurization. Others have chosen to continue making "raw" and unpasteurized kombucha but included the federally mandated warning for alcoholic beverages. Defendant has apparently chosen a third path. Continue brewing raw, unpasteurized kombucha without disclosing that the kombucha is an alcoholic beverage.

17. Indeed, Defendant's false and misleading advertising of its Products is not limited to omitting critical information regarding the amount of alcohol on the beverages' labels. On the back of the labels of Tribucha Kombucha beverages, the label falsely claims that Tribucha Kombucha "contains a trace amount of alcohol."

18. Plaintiffs sent Defendant demand letters on July 12, 2022, July 27, 2022, August 18, 2022, and September 13, 2022[3] outlining the summary of the allegations herein. However, Defendant has not responded nor issued any recalls and/or corrective advertising of the Products.

---

[2] Ray Latif, *Kombucha Class Action Suits Settled with GT's, Honest Tea*, BevNet.com, Nov. 8, 2011. Available at http://www.bevnet.com/news/2011/kombucha-class-action-suits-settled-with-gts-honest-tea.
[3] Attached as composite Exhibit 2.

19.     Defendant's disclaimer that the Products "contain a trace amount of alcohol," is woefully inadequate as it does not contain the mandated Surgeon General warning, is not prominently featured on the product, and is still sold to consumers under 21 years old.   The disclaimer is also false, as the Products contain more than just "trace amounts" of alcohol.  As a result, reasonable customers are still being misled by Defendant's false and misleading advertising concerning the alcohol content of its kombucha beverages.   Tribucha Kombucha remains on shelves nationwide, and Defendant does not appear inclined to issue any corrective advertising or compensate injured consumers.

## TTB Accredited Lab Results Show That Tribucha Kombucha Has Greater Than 0.5 Percent Alcohol By Volume

20.     Within the past year, Brewing & Distilling Analytical Services, LLC ("BDAS"), an independent, TTB certified laboratory, conducted tests on multiple bottles of Tribucha Kombucha beverages concerning the beverages' alcohol content.  To test for alcohol content, BDAS utilizes scientifically valid, TTB approved methodology for testing kombucha beverages. Specifically, BDAS uses the ABV DMA NIR (Degassed and filtered samples tested via DMA5000 density meter and Alcolyzer), a method that has been thoroughly vetted through multiple collaborative studies to ensure that its results were accurate and scientifically valid. The testing showed that the majority of Tribucha Kombucha beverages contained, and that all Tribucha Kombucha beverages would contain prior to the stated expiration date, a level of alcohol greater than 0.5 percent.  None of the products passed their stated expiration date at the time of testing.

## Every Tribucha Kombucha Bottle Violates A Host Of Federal and State Law Regulating The Labeling of Alcoholic Beverages

21.     Prior to a recent update, the TTB's website stated that "TTB's initial testing of kombucha in the marketplace reveals that many of these products contain at least 0.5 percent

alcohol by volume. These products are alcoholic beverages and are consequently subject to regulation."[4] The TTB further stated that its "primary concern is to ensure that consumers are not misled about the nature of alcoholic beverage products that might be marketed as non-alcoholic beverages. It is important that consumers are adequately informed about the nature of these products." *Id.*

22. The TTB's current website shows that the concern over alcohol in kombucha beverages persists. "Some kombucha products contain more than 0.5% or more alcohol by volume. These products are alcoholic beverages…It is important to note that regardless of the alcohol content of the finished beverage, when kombucha reaches 0.5% alcohol or more by volume at any time during the production process, it must be produced on a TTB-qualified premises and is subject to TTB regulation. Thus, for example, a producer of a kombucha-style beer that reaches an alcohol content of 1.2% alcohol by volume during production must qualify as a brewer and comply with TTB regulations in 27 CFR part 25, even if the finished product is a non-alcoholic beverage (containing less than 0.5% alcohol by volume)."[5]

23. According to the TTB, "[e]ven though a kombucha beverage may have less than 0.5% alcohol by volume at the time of bottling, fermentation may continue in the bottle after it leaves the production facility, depending on how the kombucha beverage is made and stored. As a result, the alcohol content may increase to 0.5% or more alcohol by volume. Such a product is an alcoholic beverage, which is subject to the laws and regulations governing the production, taxation, labeling, marketing, and distribution of alcoholic beverages." *Id.*

24. The TBB makes clear that a distributor and manufacturer (such as Defendant)

---

[4] https://web.archive.org/web/20150818084444/http://www.ttb.gov/faqs/kombucha-faqs.shtml.
[5] https://www.ttb.gov/kombucha/kombucha-general#labeling.

cannot escape liability for failing to include the requiring alcohol warning statement even if the beverages become alcoholic after they are sold downstream to retailers and consumers that fail to refrigerate the beverages. "Refrigeration of the product is not an adequate method of ensuring that the alcohol content will not increase while in the original container after removal because, among other things, you cannot control whether the product will be refrigerated after removal." *Id.*

25. In the Frequently Asked Questions portions of its website, the TTB explains in a series of questions and answers the various labeling requirements kombucha beverages must meet if they have more than 0.5 percent alcohol by volume. One of the questions is "Are kombucha containers required to bear a health warning statement?" The TTB answers, "Yes, if the kombucha beverage contains 0.5 percent or more alcohol by volume. The container of any alcohol beverage sold or distributed in the United States with an alcohol content of 0.5 percent or more must bear the health warning statement required by the Alcoholic Beverage Labeling Act of 1988," citing 27 C.F.R. § 16. *Id.* In turn, 27 C.F.R. § 16.10 defines "Alcoholic beverage" as "any beverage in liquid form which contains not less than one-half of one percent (.5%) of alcohol by volume and is intended for human consumption." 27 C.F.R. § 16.20 goes on to state that "no person shall bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the health warning statement required by § 16.21."

26. 27 C.F.R. § 16.21 states that "[t]here shall be stated on the brand label or separate front label, or on a back or side label, separate and apart from all other information, the following statement: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and

may cause health problems." The labels of Tribucha Kombucha beverages do not bear this warning.

27. Within the past year, the TTB's website has also stated that certain "beers," including kombucha products, "that [are] made without both malted barley and hops .... must ... comply with FDA labeling requirements. Such products are still subject to the marking requirements of the IRC and the health warning statement requirements of ABLA."[6] The FDA clarifies that such alcoholic beverages are subject to the nutrition labeling requirements set out at 21 C.F.R. 101.9, and the general requirements of 21 C.F.R. 101.3 and 21 C.F.R. 101.4.[7] Because Tribucha Kombucha is "made without both malted barley and hops," Tribucha Kombucha is also subject to the general nutrition labeling requirements set out by the FDA. Accordingly, the labels of Tribucha Kombucha are subject to the "false and misleading" standard of 21 U.S.C. § 343(a)(1) and the corresponding state law counterparts that track the federal standards. *See, e.g.*, 1 N.Y.C.R.R. § 259.1 ("For the purpose of the enforcement of article 17 [Packaging and labeling of food] … the commissioner hereby adopts the current regulations as they appear in title 21 of the *Code of Federal Regulations*…."). Because Tribucha Kombucha contains alcohol above 0.5 percent by volume, it is misbranded under the FDA's labeling requirements, and the corresponding state law counterparts that track the federal standards.

28. While Plaintiffs do not know whether Tribucha Kombucha is below 0.5 alcohol by volume at the moment it leaves Defendant's distribution center, what is clear is that the beverages

---

[6]https://web.archive.org/web/20180726103232/https://www.ttb.gov/kombucha/kombucha-general.shtml (last accessed February 24, 2021).
[7] U.S. Food and Drug Administration, *Guidance for Industry: Labeling of Certain Beers Subject to the Labeling Jurisdiction of the Food and Drug Administration*, December 2014. Available at http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm166239.htm#ref4 (last accessed April 1, 2019).

are significantly above the 0.5 threshold prior to the stated expiration date on the labels of the beverages. Under federal law, Defendant cannot turn a blind eye to what happens to its Products after they leave Defendant's facilities, and, considering that continued fermentation and high alcohol content is an industry-wide problem, Plaintiffs allege on information and belief that Defendant knowingly and willfully distribute Tribucha Kombucha in violation of Federal and State laws that require such beverages to contain the government warning, as set out above.

29. Defendant's sale and marketing of Tribucha Kombucha as non-alcoholic beverages is highly misleading to reasonable consumers, including Plaintiffs. Because Tribucha Kombucha does not include any warnings concerning the significant presence of alcohol, consumers, including Plaintiffs, are led to believe that the products are safe to consume when driving a car, operating machinery, and taking with potentially a deadly cocktail of incompatible medications.

30. Defendant made, and continues to make, unlawful and misleading claims on the labels of Tribuca Kombucha that are prohibited by identical federal and state laws, and which render these products misbranded. Under federal and state law, Tribucha Kombucha cannot legally be manufactured, distributed, held, or sold.

## CLASS REPRESENTATION ALLEGATIONS

31. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the below-defined Classes:

**National Class**: Plaintiffs bring this action on behalf of all persons in the United States who, in the period that begins four years before the filing of this complaint through the date that class notice is disseminated (the "Class Period"), purchased Tribucha Kombucha.

**Consumer Fraud Multi-State Class:** Plaintiffs Tran and Maultsby bring this action on behalf of all persons in the states of Florida, Illinois, Massachusetts, New Jersey, and New York that purchased Tribucha Kombucha during the Class Period.

**Multi-State Express Warranty Class:** Plaintiffs Maultsby and Ali bring this action on behalf of all persons in the states of D.C., Florida, New Jersey, Ohio, and Virginia that purchased Tribucha Kombucha during the Class Period.

32.     Plaintiff Burke also brings this action as a class action on behalf of the following Subclasses:

**North Carolina Subclass:**    All persons in the State of North Carolina who purchased Tribucha Kombucha during the Class Period.

**Tennessee Subclass:** All persons in the State of Tennessee who purchased Tribucha Kombucha during the Class Period.

33.     Plaintiff Tran also brings this action on behalf of the **Illinois Subclass**, defined as all persons in the State of Illinois who purchased Tribucha Kombucha during the Class Period.

34.     Plaintiff Ali also brings this action on behalf of the **Virginia Subclass**, defined as all persons in the State of Virginia who purchased Tribucha Kombucha during the Class Period.

35.     Plaintiff Maultsby also brings this action on behalf of the **Florida Subclass**, defined as all persons in the state of Florida who purchased Tribucha Kombucha during the Class Period.

36.     The precise number of Class members and their identities are unknown at this time but may be determined through discovery.  Based on Defendant's sales records, the class members are estimated to be at least in the hundreds of thousands.

37.     Plaintiffs reserve the right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

38.     Excluded from the Classes are Defendant, the officers and directors of the Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendant has or had a controlling interest.

39.     Also excluded from the Classes are persons or entities that purchased Tribucha Kombucha for purposes of resale.

40.     Plaintiffs are members of the Classes they seek to represent.  Plaintiffs all purchased the Products within the Class Period and would not have done so had the Products contained the required warning labels for alcoholic beverages.   Plaintiffs intend to prosecute this action vigorously on behalf of their interests, as well as those of the Classes they seek to represent.

41.     **Numerosity:** Defendant sells hundreds of thousands, if not millions, of bottles of Tribucha Kombucha.   Tribucha Kombucha beverages are available in major supermarkets nationwide.  Accordingly, members of the Classes are so numerous that their individual joinder herein is impracticable.  The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant, third party retailers, and vendors.

42.     **Commonality:** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and

factual questions include, but are not limited to whether Tribucha Kombucha is misbranded, and whether the labeling, marketing and promotion of Tribucha Kombucha is false and misleading.

43. **Typicality:** The claims of the named Plaintiffs are typical of the claims of the Classes in that the named Plaintiffs were exposed to and relied on Defendant's false, misleading and misbranded labels, purchased Tribucha Kombucha, and suffered losses as a result of those purchases.

44. **Adequacy:** Plaintiffs are adequate representatives of the Classes because Plaintiffs' interests do not conflict with the interests of the Class members Plaintiffs seek to represent, Plaintiffs have retained competent counsel experienced in prosecuting class actions, and Plaintiffs intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

45. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

46.     Common facts and questions affecting the claims or defense of the Plaintiffs and the putative class include:

    a.   Whether Defendant markets Tribucha Kombucha beverages as non-alcoholic beverages;

    b.   Whether Defendant's Products contain alcohol higher than the minimum threshold allowed by law;

    c.   Whether Defendant's Products bear the Surgeon General warning and all other applicable warnings required for alcoholic beverages; and

    d.   Whether Class Members have been injured, and the extent of their injuries.

## COUNT I
## Violations of Florida Deceptive and Unfair Trade Practices Act
## Fla. Stat. §§ 501.201-213

47.     Plaintiff Maultsby hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiff Maultsby brings this claim individually and on behalf of the members of the proposed Consumer Fraud Multi-State Class and Florida Subclass against Defendant.

49.     Plaintiff brings this claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

50.     The FDUTPA renders unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.204.

51.     Among other purposes, FDUTPA is intended "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce."

Fla. Stat. § 501.202.

52.    FDUTPA can be violated in two ways, both of which are relevant to this case.  First, Defendant has committed a "traditional" violation of FDUTPA by engaging in unfair and/or deceptive acts and practices which caused injury to Plaintiffs and members of the putative classes. Second, Defendant has committed a *per se* violation of FDUTPA predicated on a violation of the regulations of the FDA and TTB provided herein.  Specifically, by intentionally violating the aforementioned regulations, Defendant has violated FDUTPA.  Fla. Stat. § 501.203(3)(c) (explaining that a FDUTPA violation may be based on "[a]ny law, statute, rule, regulation or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices."); *State Farm Mut. Auto. Ins. Co. v. Performance Orthapaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291 (S.D. Fla. 2018) (violations of state statutes could serve as statutory predicates for *per se* FDUTPA violations where the statutes proscribed the conduct that FDUTPA was designed to protect against even though they did not specifically reference FDUTPA or use the terms "unfair" or "deceptive.").

53.    While FDUTPA does not define "deceptive," or "unfair," Florida courts have looked to the Federal Trade Commission's interpretations for guidance.  "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1287 (S.D. Fla. 2015) (internal quotations and citations omitted).  Courts define a "deceptive trade practice" as any act or practice that has the tendency or capacity to deceive consumers. *Fed. Trade Comm'n v. Partners In Health Care Ass'n, Inc.*, 189 F. Supp. 3d 1356, 1367 (S.D. Fla. 2016).  Courts define an "unfair trade practice" as any act or practice that "offends established public policy and one that is immoral, unethical,

oppressive, unscrupulous or substantially injuries to consumers." *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Sols., Inc.*, 744 F. Supp. 2d 1305, 1312 (S.D. Fla. 2010).

54. Defendant engaged in a deceptive act and/or unfair trade practice by manufacturing and marketing Tribucha Kombucha as non-alcoholic beverages when its products contain alcohol above the threshold allowed by law.

55. Defendant intended that Plaintiff Maultsby and each of the other members of the Consumer Fraud Multi-State Class and Florida Subclass would rely upon their deceptive conduct – including the sale of alcoholic beverages as purported non-alcohol beverages – and a reasonable person would in fact be misled by this deceptive conduct.

56. Plaintiff Maultsby and each of the members of the Consumer Fraud Multi-State Class and Florida Subclass have been damaged by the Defendant's conduct alleged herein because they would not have purchased the Products but for Defendant's unfair and/or deceptive trade practice.

57. Therefore, Plaintiff Maultsby and each of the members of the Consumer Fraud Multi-State Class and Florida Subclass have suffered injury in fact, including the full price of the Tribucha Kombucha beverages purchased.

58. By committing the acts alleged above, Defendant engaged in unconscionable, deceptive, or unfair acts or practices, which constitute unfair competition within the meaning of FDUTPA.

59. Defendant's conduct is substantially injurious to consumers. Consumers are purchasing Tribucha Kombucha, without knowledge that the representation that it only contains a "trace amount of alcohol," is false. This conduct has caused, and continues to cause, substantial injury to consumers because consumers would not have purchased Tribucha Kombucha beverages

but for Defendant's false labeling, advertising, and promotion. Thus, Plaintiff Maultsby and members of the Consumer Fraud Multi-State Class and Florida Subclass have been "aggrieved" (*i.e.*, lost money) as required for FDUTPA standing, and such an injury is not outweighed by any countervailing benefits to consumers or competition.

60. Indeed, no benefit to consumers or competition results from Defendant's conduct. Since consumers reasonably rely on Defendant's representation that its products only contain a "trace amount of alcohol," as well as in Defendant's marketing of Tribucha Kombucha, consumers could not have reasonably avoided such injury.

61. Further, Defendant's conduct is ongoing on continuing, such that prospective injunctive relief is necessary.

62. As a result of the Defendant's use or employment of unfair or deceptive acts or business practices, Plaintiff Maultsby and each of the other members of the Consumer Fraud Multi-State Class and Florida Subclass have sustained damages in an amount to be proven at trial.

<u>**COUNT II**</u>
<u>**Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**</u>
<u>**815 Ill. Comp. Stat. § 505,** *et seq.*</u>

63. Plaintiff Tran hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiff Tran brings this claim individually and on behalf of the members of the proposed Consumer Fraud Multi-State Class and Illinois Subclass against Defendant.

65. Plaintiff Tran and Illinois Subclass members are consumers under the Illinois Consumer Fraud Act and Defendant is a "person" within the meaning of 815 Ill. Comp. Stat. 510/1(5).

66. Defendant engaged, and continues to engage, in the wrongful conduct alleged herein in the course of trade and commerce, as defined in 815 ILCS 505/2 and 815 ILCS 510/2.

67. Specifically, 815 ILCS 505/2 (Illinois Consumer Fraud Act) prohibits:

> [u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act,' approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

68. 815 ILCS 510/2 provides that a:

> person engaged in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person does any of the following: '(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;… (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have…; (7) represents that goods or services are of a particular standard, quality, or grade…if they are not; … [and] (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

69. Defendant's representations concerning the true nature of the alcohol content of the Products was false and/or misleading as alleged herein.

70. Defendant's foregoing deceptive acts and practices were likely to deceive, and did deceive, consumers acting reasonably under the circumstances. Consumers, including Plaintiff Tran and members of the Consumer Fraud Multi-State Class and Illinois Subclass, would not have purchased the Products had they known that they were considered alcoholic beverages. These claims, alone or in tandem, are deceptive.

71.     Defendant's false or misleading representations were such that a reasonable consumer would attach importance to them in determining his or her purchasing decision. Further, several consumers, including Plaintiff Tran, should not have been allowed to purchase the Products, as they were under the age of twenty-one and unable to purchase alcoholic beverages.

72.     Defendant knew or should have known its representations that the Products only contained a "trace amount of alcohol" was and is likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment.

73.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

74.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the Illinois Consumer Fraud Act.

75.     Defendant's wrongful business practices were a direct and proximate cause of actual harm to Plaintiff Tran and to each member of the Consumer Fraud Multi-State Class and Illinois Subclass.

76.     As a direct and proximate result of Defendant's unfair and deceptive trade practices, Plaintiff Tran and the other Consumer Fraud Multi-State Class and Illinois Subclass members have suffered ascertainable loss and actual damages. Plaintiff Tran and the other Illinois Subclass members who purchased the Products would not have purchased them, or, alternatively, would have paid less for them had the truth about the alcoholic nature of the beverage been disclosed. Plaintiff Tran and other Illinois Subclass members did not receive the benefit of their bargain. Plaintiff Tran and the other Illinois Subclass members are entitled to recover actual damages, attorneys' fees and costs, and all other relief allowable under 815 Ill. Comp. Stat. 505/1, *et seq*.

## COUNT III
## Breach of Implied Warranty of Merchantability

77.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

78.     Plaintiffs bring this claim individually and on behalf of the members of the proposed National, Multi-State Express Warranty Class, and North Carolina Subclass against Defendant.  In the alternative, Plaintiffs bring this claim individually and on behalf of the members of the Tennessee, Virginia, Illinois, and Florida Subclasses against Defendant.

79.     Plaintiffs bring this claim under North Carolina law.  Alternatively, Plaintiffs bring this claim under the state law in which they purchased the Products.

80.     The Uniform Commercial Code § 2-314 provides that, unless excluded or modified, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to the goods of that kind.  To be "merchantable," goods must, *inter alia*, "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any."

81.     Defendant, through their acts and omissions set forth herein, in their sale, marketing, and promotion of the Products, impliedly warranted that Tribucha Kombucha was a non-alcoholic beverage that could be lawfully purchased and safely consumed by anyone.

82.     Defendant was a merchant with respect to the goods of this kind which were sold to Plaintiffs and the Class and Subclasses, and there was in the sale to Plaintiffs and other consumers an implied warranty that those goods were merchantable.

83.     However, Defendant breached that warranty implied in the contract for the sale of Tribucha Kombucha in that the Products do not contain the "quality and quantity" of kombucha beverages as impliedly warranted, and because Tribucha Kombucha does not conform to the promises made on its labels, as described herein.  Defendant also breached that implied warranty because Tribucha Kombucha is an unreasonably dangerous product that cannot be used or sold without the necessary government warnings concerning alcohol.

84.     As a result of Defendant's conduct, Plaintiffs and the Classes and Subclasses did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to the promises and affirmations made on the container or label of the goods and because the goods were unreasonably dangerous and could not be used.

85.     Plaintiffs and the members of the Classes and Subclasses were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased Tribucha Kombucha if they had known the true facts; (b) they paid for Tribucha Kombucha due to Defendant's implied warranties; (c) they would not have purchased Tribucha Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Tribucha Kombucha due to Defendant's implied warranties; and (e) Tribucha Kombucha did not have the characteristics or qualities as impliedly warranted.

## COUNT IV
## Breach of Express Warranty

86.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

87.     Plaintiffs bring this claim individually and on behalf of the members of the proposed National, Multi-State Express Warranty Class, and North Carolina Subclass against

Defendant.  In the alternative, Plaintiffs bring this claim individually and on behalf of the members of the Tennessee, Virginia, Illinois, and Florida Subclasses against Defendant.

88.     Plaintiffs bring this claim under North Carolina law.  Alternatively, Plaintiffs bring this claim under the state law in which they purchased the Products.

89.     In connection with the sale of Tribucha kombucha, Defendant issued an express warranty that Tribucha Kombucha contains a "trace amount of alcohol."

90.     Defendant's affirmation of fact and promise on Tribucha Kombucha's labels that the products contain a "trace amount of alcohol" became part of the basis of the bargain between Defendant and Plaintiffs and Class and Subclass members, thereby creating express warranties that the Products would conform to Defendant's affirmations of fact, representations, promise, and description.

91.     Defendant breached its express warranty because Tribucha Kombucha beverages contain more than 0.5 percent alcohol by volume.  In short, Tribucha Kombucha does not live up to Defendant's express warranties.

92.     Plaintiffs provided Defendant with notice of the breach of express warranties prior to filing the lawsuit.  (Attached hereto as composite Exhibit 2).  Defendant has not taken any action to cure the defect in Tribucha Kombucha.

93.     Plaintiffs and the National Class, Multi-State Express Warranty Class, and North Carolina Subclass members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased Tribucha Kombucha if they had known the true facts; (b) they paid for Tribucha Kombucha due to the mislabeling of the products; (c) they would not have purchased Tribucha Kombucha on the same terms if they had known the true facts; (d) they paid a price premium for Tribucha Kombucha due to Defendant's false warranties and affirmations

of fact; and (e) Tribucha Kombucha did not have the characteristics or qualities as promised.

## COUNT V
## Fraud

94.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

95.     Plaintiffs bring this claim individually and on behalf of the members of the proposed National, Consumer Fraud Multi-State Class, and North Carolina Subclass against Defendant.  In the alternative, Plaintiffs bring this claim individually and on behalf of the members of the Tennessee, Virginia, Illinois, and Florida Subclasses against Defendant.

96.      Plaintiffs bring this claim under North Carolina law.  Alternatively, Plaintiffs bring this claim under the state law in which they purchased the Products.

97.     As discussed above, Defendant provided Plaintiffs and members of the Classes and Subclass with false or misleading material information and failed to disclose material facts about Tribucha Kombucha, including but not limited to the fact that Tribucha Kombucha was falsely marketed as a non-alcoholic beverage and did not contain the proper alcohol warnings.  These misrepresentations and omissions were made with knowledge of their falsehood.

98.     The misrepresentations and omissions made by Defendant, upon which Plaintiffs and members of the Classes reasonably and justifiably relied, were intended and actually induced Plaintiffs and class and subclass members to purchase Tribucha Kombucha.

99.     The fraudulent actions of Defendant caused damage to Plaintiffs and class and subclass members, who are entitled to damages and other legal and equitable relief as a result.

## COUNT VI
## Unjust Enrichment

100.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

101.    Plaintiffs bring this claim individually and on behalf of the members of the proposed National Class and North Carolina Subclass against Defendant.  In the alternative, Plaintiffs bring this claim individually and on behalf of the members of the Tennessee, Virginia, Illinois, and Florida Subclasses against Defendant.

102.    Plaintiffs bring this claim under North Carolina law.  Alternatively, Plaintiffs bring this claim under the state law in which they purchased the Products.

103.    Plaintiffs and members of the National Class and North Carolina Subclass conferred benefits on Defendant by purchasing Tribucha Kombucha beverages.

104.    Defendant has knowledge of such benefits.

105.    Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs' and members of the National Class and North Carolina Subclass' purchases of Tribucha Kombucha.  Retention of those monies under these circumstances is unjust and inequitable because Defendant misleadingly omitted the required government alcohol warning on the labels of Tribucha Kombucha.  These misrepresentations caused injuries to Plaintiffs and members of the National Class and North Carolina Subclass because they would not have purchased Tribucha Kombucha had the true facts been known.

106.    Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the National Class and North Carolina Subclass is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the National Class and North Carolina Subclass for their unjust enrichment, as ordered by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

a)  For an order certifying the National Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the National Class and Plaintiffs' attorneys as Class Counsel to represent the National Class members;

b)  For an order certifying the Consumer Fraud Multi-State Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Tran and Plaintiff Maultsby as representatives of the Consumer Fraud Multi-State Class and Plaintiffs' attorneys as Class Counsel to represent the Consumer Fraud Multi-State Class members;

c)  For an order certifying the Multi-State Express Warranty Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Maultsby as representative of the Multi-State Express Warranty Class and Plaintiffs' attorneys as Class Counsel to represent the Multi-State Express Warranty Class members;

d)  For an order certifying the North Carolina Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Burke as representative of the North Carolina Subclass and Plaintiffs' attorneys as Class Counsel to represent the North Carolina Subclass members;

e)  For an order certifying the Tennessee Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Burke as representatives of the Tennessee

Subclass and Plaintiffs' attorneys as Class Counsel to represent the Tennessee Subclass members;

f) For an order certifying the Illinois Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Tran as representatives of the Illinois Subclass and Plaintiffs' attorneys as Class Counsel to represent the Illinois Subclass members;

g) For an order certifying the Virginia Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Ali as representatives of the Virginia Subclass and Plaintiffs' attorneys as Class Counsel to represent the Virginia Subclass members;

h) For an order certifying the Florida Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Maultsby as representatives of the Florida Subclass and Plaintiffs' attorneys as Class Counsel to represent the Florida Subclass members;

i) For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

j) For an order finding in favor of Plaintiffs, the Classes, on all counts asserted herein;

k) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

l) For prejudgment interest on all amounts awarded;

m) For an order of restitution and all other forms of equitable monetary relief;

n) For injunctive relief as pleaded or as the Court may deem proper; and

29

o) For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated: October 6, 2022

Respectfully submitted,

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**

*/s/ Daniel K. Bryson*
Daniel K. Bryson
N.C. Bar No.: 15781
J. Hunter Bryson
N.C. Bar No.: 50602
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (202) 640-1167
Email: hbryson@milberg.com

**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey (*pro hac vice* forthcoming)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Stephen A. Beck (*pro hac vice* forthcoming)
701 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 679-9006
E-Mail: sbeck@bursor.com

*Attorneys for Plaintiffs*